## BRADBURY et al. v. McHENRY et al.

### S. F. No. 803; July 1, 1899.

#### 57 Pac. 999.

**Trial.**—A Remark Made by the Court on Rejecting Evidence offered by plaintiffs, that he could see the dilemma plaintiffs were in, and wished to give them all the latitude possible, but did not see the materiality of the testimony offered, was not reversible error, as in effect telling the jury that plaintiffs had no case.

**Well Contract.**—On an Issue of Implied Contract of a Land Owner to pay for a well, evidence of the capacity of the well, and of the

amount of stock on the place, and of the fact that crops were being raised where none were raised before, is immaterial.

Well Contract.—Evidence That a Tenant Did not Think he was liable to pay for the boring of a well on the premises is not admissible against the landlord to show that he was liable therefor.

Well Contract.—In an Action Against a Husband and wife to pay for boring a well on the wife's premises, which had been leased to a firm composed of the husband's brother and a third person, evidence as to whether the husband and his brother had ever been partners is immaterial.

APPEAL from Superior Court, City and County of San Francisco.

Action by Bradbury & Caylor against John McHenry and another. From a judgment for defendants and from an order denying a new trial plaintiffs appeal. Affirmed.

O'Brien, O'Brien & O'Brien for appellants; John Flouroy for respondents.

COOPER, C.—This action was brought by plaintiffs to recover of defendants the sum of $2,034.45, alleged to be due upon an express contract for services rendered and material furnished in boring for defendants an artesian well. The facts as to the boring of the well and the value of the services and material were not controverted. The premises on which the well was bored belonged at all the times referred to in the complaint to the defendant Nellie McHenry, who is the wife of defendant John McHenry, but were leased to, and in the possession of, one James McHenry and Phillip L. Wooster, partners under the name of Wooster & McHenry. James McHenry was a brother of defendant John McHenry. It was claimed by defendants that the well was bored at the request of, and under a contract with, the firm of Wooster & McHenry, and that defendants had nothing to do with the employment of plaintiffs in any manner. The question was as to whether plaintiffs' contract was with defendants, as contended by plaintiffs, or with the firm of Wooster & McHenry. It was established without contradiction that, prior to the commencement of the present suit, the plaintiffs commenced an action against the firm of Wooster & McHenry by filing a verified complaint, alleging that the amount now claimed was due from said firm of Wooster & McHenry upon

an express contract. An affidavit for attachment was made in said last-named action by Bradbury, one of the present plaintiffs, in which he swore the amount was due and owing from Wooster & McHenry upon an express contract. After said last-named action was commenced against said Wooster & McHenry, they filed a petition in insolvency, and the plaintiffs dismissed the said action. The evidence on the part of the defendants in this case was to the effect that they made no contract with plaintiffs, did not employ them, and had nothing to do with having the well bored. The case was tried before a jury, and verdict for defendants. Judgment was thereupon rendered. Motion for a new trial made and denied, and this appeal is from the judgment and order. The instructions given to the jury are not in the record, and plaintiffs' counsel admit that there is sufficient evidence to sustain the verdict.

The contention here is that prejudicial error was committed by the court below in the rejection of testimony and in certain remarks made by the court in the presence of the jury. While the witness Wooster (a member of the firm of Wooster & McHenry) was being examined on behalf of plaintiffs, in rebuttal, he stated that he remembered the fact of going to the well about the time it was being completed, and there seeing a band of hogs, and the witness was asked by plaintiffs' counsel if the hogs were represented to him as belonging to the farm. The testimony was objected to as being incompetent, immaterial and not in rebuttal. The court sustained the objection, and counsel for plaintiffs then made a statement of certain facts which he offered to prove by the witness, and, among other facts, "a general course of conduct on the part of James McHenry showing that James McHenry did not himself regard the firm of Wooster & McHenry as the parties liable to pay for the well." The court thought the evidence not in rebuttal or material, and in ruling upon the question said: "I can see the dilemma the plaintiffs are in. I wish to give them all the latitude I possibly can, but I don't see what figure this testimony would cut in the case." It is claimed that the above remark was highly prejudicial to the plaintiffs, and that it was the equivalent of telling the jury that the plaintiffs had no case. While it would have been better for the judge to have refrained from making the remark, we do not think it such error as would justify a re-

versal. It was not an opinion upon any question of fact or upon the credibility of any witness. It was in the nature of an explanation to plaintiffs' counsel as to why the court desired to be liberal toward them. It is presumed that the jury were fully and properly instructed as to the law of the case, and that they acted upon the instructions given them as applied to the facts. It would seem to us that to presume that this remark might have influenced the jury, and caused them to disregard the law, would be to attach an imaginary and unnecessary meaning to the remark, and, further, that it would reflect upon the jury as not being men of ordinary intelligence. The case of McMinn v. Whelan, 27 Cal. 320, cited by counsel, presents quite a different question. In that case the character of a witness for plaintiff was called in question during the trial by the defendant on cross-examination. The court, in overruling an objection to the cross-examination, said "that the witness was one of the most respectable women in the neighborhood." While this court held the remark to have been highly improper, it refused to reverse the case, because it did not depend in any material degree upon the testimony of the witness whose character was thus indorsed by the judge. If the court below should give an opinion as to the weight of evidence, or as to the character of either of the parties, or of a material witness, we would not hesitate to condemn such course, but in this case we cannot say that the remark injured the plaintiffs' cause before the jury.

It is claimed that the court erred in sustaining objections to many questions asked by plaintiffs' counsel for the purpose of showing that the well was a great benefit to defendants' land; its capacity in the way of furnishing water; that before it was placed there defendants could not raise a crop on the place. The court below, in ruling upon the admissibility of the evidence, said that the plaintiffs would be allowed to show that the defendants accepted the well and were using it, but that the evidence as to the capacity of the well, and the fact of crops being now raised where none were raised before, was immaterial, and not competent evidence to bind the defendants. We think the ruling correct. The complaint averred an express contract, and, conceding that evidence of an implied contract was admissible, the offered evidence was not competent. The capacity of the well placed

upon the property of defendants by their lessees, and the benefit it might be to the property, are not facts tending to show an implied contract. If the value of the well was a fact in issue, then its character and capacity might tend to throw light upon such issue; but it seems to us that if the court had allowed evidence as to the number of hogs upon the ranch, the capacity of the well, and the effect it had upon crops, it would not even tend to show an implied contract on the part of these defendants.

We do not think the questions asked by plaintiffs' counsel of the witness Wooster were material or in rebuttal. They were asked for the purpose of showing that the witness, while a partner of James McHenry, understood that his firm, Wooster & McHenry, was not responsible for the boring of the well. To prove that some other party was not responsible would not tend to show that defendants were responsible.

It is argued by plaintiffs that the court erred in sustaining defendants' objection to plaintiffs' question to the witness Wooster. The witness was asked if the McHenry brothers had ever been in partnership. The question was objected to upon the ground that it was immaterial and not in rebuttal. The question was subject to both objections. It was not in rebuttal, as no witness had testified either way as to any partnership between the McHenry brothers, and, if there had been such testimony, the fact is wholly immaterial. It would not tend to prove a contract on the part of these defendants to pay for the well, as alleged in the complaint. Many other similar errors in rulings are assigned, but none of them require special notice. They all depend upon the principles and rulings herein discussed, and we find no error in the record of sufficient importance to justify a reversal of the case. The judgment and order should be affirmed.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.